UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 8742 CORP., | Docket No.: |
| Plaintiff, | **COMPLAINT** |
| - against - | **Plaintiff Demands Trial by Jury** |
| OTSEGO MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, 8742 CORP., by their attorneys, Law Office of Craig A. Blumberg, P.C., as and for their Complaint against defendant, OTSEGO MUTUAL FIRE INSURANCE COMPANY, sets forth as follows:

**Parties**

1.      Plaintiff, 8742 Corp., was and is a foreign corporation, organized and existing under the laws of the State of Florida, domiciled in the State of Florida, having its principal place of business at 8742 Bellido Circle, Boynton Beach, Florida.

2.      Defendant, OTSEGO MUTUAL FIRE INSURANCE COMPANY ("Otsego") was and is a domestic corporation organized under the laws of the State of New York with its principal place of business in Burlington Flats, New York and is authorized to conduct the business of insurance in the State of New York.

**Jurisdiction**

3.      The United States District Court, Eastern District of New York, has jurisdiction over the within action by virtue of diversity of citizenship pursuant to 28 U.S.C. §1332, and the fact that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Venue**

4.     Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. §1391 as the Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred and/or a substantial part of the property that is the subject of this action is situated.

**Operative Facts**

5.     The subject property is located at 148 Yale Street, Hempstead, New York (the "Premises").

6.     On or about March 26, 2020, plaintiff 8742 Corp. made a loan in the original principal amount of $195,000.00 to New Island Development LLC, which loan was secured by a first mortgage encumbering the Premises.

7.     Thereafter, ownership of the Premises was transferred to Abel Coronel and Rosa Martinez, who assumed the mortgage obligations owed to plaintiff 8742 Corp.

8.     As a condition of the note, mortgage, and related agreements, the owners of the Premises were required to procure and maintain a policy of fire insurance covering the Premises and naming plaintiff 8742 Corp. as mortgagee, loss payee, and additional insured.

9.     Defendant Otsego Mutual Fire Insurance Company issued a policy of insurance bearing Policy No. 518628 to Abel Coronel and Rosa Martinez for the Premises, effective November 17, 2022 through November 17, 2025, which policy expressly listed plaintiff 8742 Corp. as mortgagee. The policy insured against direct physical loss to the dwelling located at the Premises, with dwelling limits of at least $400,000, together with any applicable extensions, endorsements, or additional coverages.

10.     On or about October 28, 2025, while the policy was in full force and effect, the Premises sustained a fire loss causing substantial damage to the dwelling.

11.    The fire resulted in damage to the dwelling in an amount that equals or exceeds the applicable dwelling coverage limits under the policy.

12.    Timely notice of the loss was provided to defendant Otsego.

13.    By letter dated November 18, 2025, defendant Otsego issued a disclaimer of coverage addressed to Abel Coronel and Rosa Martinez, asserting that the policy was void ab initio based upon alleged misrepresentations in the application for insurance.

14.    The denial letter was directed solely to the named insureds and did not allege any misrepresentation, concealment, wrongdoing, or policy breach by plaintiff 8742 Corp.

15.    At the time of the fire loss, and continuing thereafter, there remained unpaid a principal balance in excess of $400,000 on the mortgage loan secured by the Premises.

16.    Plaintiff 8742 Corp. is an innocent mortgagee and did not participate in, have knowledge of, or consent to any alleged misrepresentations asserted by defendant Otsego as a basis for its denial.

17.    Pursuant to the standard mortgagee clause contained in the policy, plaintiff 8742 Corp.'s rights as mortgagee constitute a separate and independent contract of insurance that is not invalidated by acts, omissions, or alleged misrepresentations of the named insureds.

18.    Plaintiff 8742 Corp. has complied with all applicable terms, conditions, and obligations under the policy applicable to a mortgagee.

## First Cause of Action

19.    Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

20.    Defendant Otsego was obligated under the policy to indemnify plaintiff 8742 Corp., as mortgagee, for covered fire damage to the Premises up to the extent of plaintiff's insurable interest.

21.     Defendant Otsego has failed and refused to make payment to plaintiff 8742 Corp. for the covered loss, notwithstanding demand.

22.     Defendant Otsego's failure to pay plaintiff 8742 Corp. constitutes a breach of the insurance contract.

23.     As a direct and proximate result of defendant Otsego's breach, plaintiff 8742 Corp. has sustained damages in an amount to be determined at trial, believed to exceed $400,000.

<u>**Second Cause of Action**</u>

24.     Plaintiff repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

25.     An actual and justiciable controversy exists between the parties concerning coverage under the policy.

26.     Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that the fire loss of October 28, 2025 is covered as to plaintiff 8742 Corp.'s mortgagee interest, and that defendant Otsego is obligated to indemnify plaintiff 8742 Corp. pursuant to the policy notwithstanding any denial of coverage to the named insureds.

**WHEREFORE**, plaintiff 8742 Corp. respectfully demands judgment against defendant Otsego Mutual Fire Insurance Company as follows:

(a) On the First Cause of Action, awarding damages in an amount to be determined at trial, together with interest as permitted by law;

(b) On the Second Cause of Action, declaring that the policy provides coverage to plaintiff 8742 Corp. as mortgagee for the October 28, 2025 fire loss;

(c) Awarding costs and disbursements of this action; and

(d) Granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         February 10, 2026

                    Yours, etc.,

                    _Craig A. Blumberg_____
                    CRAIG A. BLUMBERG (CB 7166)
                    Law Office of Craig A. Blumberg, P.C.
                    Attorneys for Plaintiff
                    15 Maiden Lane, 20th Floor
                    New York, NY 10038-4003
                    (212) 346-0808
                    craig@lawofficecab.com